IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shanda Mathis,                              :

             Petitioner              :      Civil Action 2:07-cv-1161

  v.                                       :      Judge Watson

Franklin County Children Services, *et*     :      Magistrate Judge Abel
*al.*,
                                            :

             Petitioner

# Report & Recommendation

This matter is before the Magistrate Judge on respondent Franklin County

Children Services' ("FCCS") December 26, 2007 motion to dismiss, or in the alternative,

motion for summary judgment (doc. 8) and respondent Ohio Youth Advocate

Program's ("OYAP") December 27, 2007 motion to dismiss, or in the alternative, motion

for summary judgment (doc. 9).

    **I.**      **Allegations in the Complaint**

Petitioner is the mother of Roderick Chatman, Jr., Mercedes Claybornes, Mia

Claybourne, Dawan Clayborne, and Dallas Clayborne, and Azuriah Clayborne. The

complaint asserts that respondents FCCS and OYAP have unlawfully restrained

petitioner's children and deprived petitioner of their custody.  The complaint asserts

1

that a series of extensive continuances allowed emergency/temporary orders to used to deprive her of custody of her children.

On February 11, 2008, Mathis filed what the Court has characterized as a motion for leave to file an amended writ. *See* docs. 12 & 14.  The proposed amended writ sets out the constitutional claims outlined by Mathis in her response in opposition to respondents' motion to dismiss discussed below.

II.     **Arguments of the Parties**

    A.     **Respondents Franklin County Children Services and Ohio Youth Advocate Program**

Respondents argue that this case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Respondents maintain that the Mathis' petition does not allege a federal question. Respondents also argue that the petition fails because this Court does not have jurisdiction over the underlying custody issues which serve as the basis for the petition.

Respondents argue that a federal habeas corpus proceeding cannot be used as a vehicle to challenge a state court custody decision, and section 2254 of title 28 of the United States Code does not confer jurisdiction on federal court to review state court judgments involving parental rights. Petitioner's sole remedy is through the Ohio appellate process. Respondents further argue that Mathis has failed to demonstrate that she has exhausted her state remedies as required by 28 U.S.C. § 2254(b).

In the alternative, respondents move for summary judgment. Respondents maintain that the uncontroverted evidence shows that Mathis' children were taken into custody by FCCS pursuant to a dependency and neglect complaint and a subsequent valid court order.  Although the case was subsequently dismissed and refiled, the subsequent cases proceeded in a procedurally correct manner. Respondents contend that Mathis' children were not confined or taken illegally.

**B.**     **Shanda Mathis**

Petioner argues that this Court does not lack jurisdiction because she is asserting a violations of the First, Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution. Mathis argues that she has had legal housing since July 9, 2007, and she provided the state court and respondents with documentation demonstrating that she did. She argues that her car was unlawfully searched and her children unlawfully seized when the police removed her children from her car that was parked in a private parking lot. She maintains that it is the right of the parent to determine what time of night her children can be out.  She further argues that respondents violated the Sixth Amendment right to a speedy trial by continuing the case beyond the juvenile court's ten day rule without showing good cause.

Mathis argues that her Fifth Amendment right prohibiting double jeopardy was violated when respondents were twice permitted to dismiss the complaint and then refile virtually the same complaint against her.

3

Mathis maintains that she exhausted her state remedies as evidenced by the journal entry and decision of the state court and the decision of the Tenth District Court of Appeals. Petitioner also contends that statements made by the state court judge demonstrate that she did not receive a fair and impartial proceedings. She maintains that the government knowingly used perjury to obtain the conviction.

Mathis also argues that her right to effective assistance of counsel on behalf of her children was violated. She contends that the guardian ad litem charged with representing the best interests of her children was ineffective and failed to protect the interests of her children, denying them their federal rights.

Mathis also argues that her due process rights were violated by the state court's failure to place the burden on the state to disprove her asserted defense.

### III.    Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3;

4

*Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Rule 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

5

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125. Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**IV.    Discussion**

In *Leham v. Lycoming County Children's Services*, 458 U.S. 502 (1982), the Supreme Court held that federal courts do not have jurisdiction under 28 U.S.C. § 2254

6

to review state court judgments involuntarily terminating parental rights. The *Leham* decision was based on a reading of the word "custody" as it appears in the habeas statute:

> [A]lthough the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the same sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.

458 U.S. at 510. *See also  Jacobson v. Summit County Children Services Bd.*, 202 Fed. Appx. 88, 90 (6th Cir. Oct. 25, 2006). Consequently, the Magistrate Judge RECOMMENDS that Franklin County Children Services' December 26, 2007 motion to dismiss (doc. 8) and respondent Ohio Youth Advocate Program's December 27, 2007 motion to dismiss (doc. 9) be GRANTED. Petitioner's February 11, 2008  motion for leave to file an amended writ (doc. 12) is DENIED as MOOT.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas*

7

*v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel_____
United States Magistrate Judge
